862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George C. BRANT, Plaintiff-Appellant,
v.
CLEVELAND NATIONAL FOREST SERVICE, Regional Fiscal Officer,
Michael D. Duffy, Ralph C. Cisco, Michael J. Rogers, United
States Department of Agriculture- Forest Service, Office of
Personnel Management-Civil Service Retirement System,
Disbursing Officer, Jack Adams, Does 1 Through 10 Inclusive,
Defendants- Appellees.
 No. 88-1357.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1988.
 
 Before MAYER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 Brant appeals from the judgment of the United States District Court for the Southern District of California (Rhodes J.), CV-86-1981-R, granting a motion for summary judgment and dismissing the present action against the Cleveland National Forest and co-defendants (hereafter government or Forest Service). We affirm.
 
 OPINION
 
 2
 While the caption reflects in its naming of defendants the injunctive relief Brant pursued in the district court, the denial of such relief is not the subject of the present action. Here it is purely a claim pursuing a money judgment under the Little Tucker Act, 28 U.S.C. Sec. 1346(a)(2), and the real defendant is the United States. The injunction was denied for insufficient probability of success, a ground mooted by the judgment of dismissal, and for absence of irreparable injury.
 
 
 3
 Plaintiff seeks to recover the portion of a government retirement annuity which is being withheld under the statutory provision for administrative offset, 31 U.S.C. Sec. 3716. The government claims compensation under state law for expenses incurred by the Forest Service in 1982 fighting a fire on Brant's property, which it was feared would spread to a National Forest. Brant's position when notified of the proposed offset, was that a California statute of limitations had expired before notice of the offset was given; however, the applicable statute is 10 years under 28 U.S.C. Sec. 2415(i). Persuaded of the weakness of the statute of limitations defense, if not of its entire fallaciousness, Brant has put forward increasingly the argument that the fire occurred through no fault of his. He denies that the electric wiring on his property was defective as the government supposes. He would have been entitled to a hearing on that issue, as the Forest Service notified him. This entitlement, elevated to a due process issue, is now the main one before us.
 
 
 4
 The Forest Service did not understand fault was an issue in the case and granted only a "documentary review" to consider the statute of limitation defense. The district judge on summary judgment held that on the record Brant had stated to the Forest Service no issue other than limitations, and therefore could not raise other questions before him. He called it a waiver.
 
 
 5
 We think that conclusion is inescapable. The correspondence in the summary judgment record is, in our view, decisive.
 
 
 6
 The Forest Service, by letter of June 14, 1985, notified Brant through his counsel that it intended to collect its claim by administrative offset. It stated in part:
 
 
 7
 3. You have a right to obtain review of our determination that the Pit Fire debt exists and of our determination of the propriety of the offset. You may request that such review be by hearing or by a documentary review.
 
 Counsel responded for Brant on June 21:
 
 8
 I feel it is appropriate to request an administrative hearing to review the following:
 
 
 9
 1. Your determination that the Fire Pit debt still exists; and [emphasis supplied]
 
 
 10
 2. The propriety of an Administrative offset to satisfy this alleged debt.
 
 
 11
 At this time, our research indicates that this claim is untimely, and may be barred by the applicable statute of limitations. (See Health & Safety Code Sec. 13009). [California law] This statute appears to conflict with your enforcing a claim after two years have elapsed.
 
 
 12
 We fail to see how the most diligent reading, even between the lines, could have led to the interpretation Brant wanted a hearing on whether he had caused the fire. His counsel's words focus wholly on the state statute of limitations.
 
 
 13
 The July 16, 1985, response of the Forest Service shows what its interpretation was:
 
 
 14
 Your letter explained that the basis of your request [for a hearing] is your belief that the offset is barred by the two-year statute of limitations of California Health & Safety Code Section 13009, the section of the law upon which the Forest's billing of Mr. Brant was based. Because your request raises a purely legal issue rather than issues involving credibility or veracity, we have decided that a documentary review is appropriate and accordingly no review hearing is scheduled.
 
 
 15
 The review will be limited to the issue of whether administrative offset under 31 U.S.C. Sec. 3716 of a debt incurred because of a violation of California H. & S. Code Section 13009 is barred if not effected within the state statute's two-year limitation period.
 
 
 16
 If this letter misconstrued Brant's position, surely this would have notified him to say so. The court, however, ruling on the summary judgment motion, said Brant never raised the issue of his not being at fault until his opposition to the motion itself, and if there was any error in this, Brant has not pointed it out. To be sure, he did say so in 1982, responding to the Forest Service's first money demands, but he says himself he supposed he would be sued in a local court and withheld his defense until that occurred. The Forest Service was not required to go behind what Brant said he wanted a hearing on in his June 21, 1985, letter, because its files showed he once had discussed other issues.
 
 
 17
 We do not rely on the clearly erroneous rule in upholding the district court's conclusion that Brant waived the fault issue, because a district court's fact statements ruling on a summary judgment motion are not findings of fact, and review is therefore not by the clearly erroneous standard. See, e.g., Lemelson v. TRW, Inc., 760 F.2d 1254, 1260 (Fed.Cir.1985). The issue, both for the district court and for us, is whether any triable issue of fact appears on the record; whether Brant waived reliance on the fault issue. In view of the undisputed correspondence, there is no such issue. He did waive it. The district court was not required to try an issue Brant had waived in connection with the contemplated Forest Service hearing.
 
 
 18
 The remaining arguments raised by Brant are without merit. Accordingly, the district court judgment is affirmed in all respects.